UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

BOEHRINGER INGELHEIM PHARMA
GMBH & CO. KG, et al.,

                 Plaintiffs,            Civil No. 14-4727 (NLH/KMW)

v.

MYLAN PHARMACEUTICALS, INC.,     **OPINION**
et al.,

                 Defendants.

_____


**APPEARANCES:**

Charles Michael Lizza, Esquire
Sarah Ann Sullivan, Esquire
William C. Baton, Esquire
Saul Ewing, LLP
One Riverfront Plaza
Newark, New Jersey 07102-5490

Eric W. Dittmann, Esquire
Paul Hastings LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, New York 10022

Jason Todd Christiansen, Esquire
Paul Hastings Janofsky & Walker LLP
1000 Louisiana Street
54th Street
Houston, Texas 77002

     *Attorneys for Plaintiffs*

Arnold B. Calmann, Esquire
Jeffrey S. Soos, Esquire
Katherine Ann Escanlar, Esquire
Saiber LLC
One Gateway Center
10th Floor
Newark, New Jersey 07102-5311

George John Barry, III, Esquire
McGuire Woods LLP
1170 Peachtree Street NE
Suite 2100
Atlanta, Georgia 30309

Michael Lloyd Binns, Esquire
McGuire Woods LLP
1230 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30309

> *Attorneys for Defendants*

**HILLMAN, District Judge:**

Presently before the Court is a motion filed by Defendant Mylan Pharmaceuticals Inc. (hereafter, "MPI") pursuant to Local Civil Rule 5.3 seeking an Order to Seal certain portions of a brief and declaration submitted in connection with MPI's motion to dismiss.  The Court has considered MPI's submission, no opposition having been filed by Plaintiffs, and has decided this matter pursuant to Fed. R. Civ. P. 78.  For the reasons that follow, MPI's motion is granted.

I.    **BACKGROUND**

This civil action concerns a United States Patent and arises under the Patent Laws of the United States, 35 U.S.C. §

2

100 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Plaintiffs generally alleged in the original complaint that MPI submitted an Abbreviated New Drug Application for a drug claimed in a patent that is owned by Plaintiffs before the expiration of the patent.

MPI moved to dismiss the original complaint for lack of personal jurisdiction.  In support of the motion, MPI submitted a brief and the Declaration of Robert Tighe (hereafter, "Tighe Declaration").  Although the motion to dismiss was withdrawn upon Plaintiffs' filing of an amended complaint,[1] the documents submitted in support of the motion remain on the docket.  The brief and Tighe Declaration contain purportedly highly proprietary financial data regarding sales and revenue information of MPI and its parent company, Mylan Inc.  Accordingly, MPI seeks to have those portions of the brief and Tighe Declaration that contain such information sealed.

---

[1] The Court notes that MPI, as well as new defendants added pursuant to the amended complaint, have moved for dismissal of the amended complaint based on an alleged lack of personal jurisdiction.  Motions to seal certain submissions filed in connection with that motion to dismiss are currently pending before the Court and will be addressed by separate Order and Opinion.

## II.  <u>STANDARD FOR SEALING UNDER L. CIV. R. 5.3(c)</u>

In this District, Local Civil Rule 5.3 governs all motions
to seal or otherwise restrict public access to materials
filed with the Court and judicial proceedings themselves.  The
rule provides that in order to place a docket entry under seal,
the motion to seal must be publicly filed and "shall describe
(a) the nature of the materials or proceedings at issue, (b) the
legitimate private or public interests which warrant the relief
sought, (c) the clearly defined and serious injury that would
result if the relief sought is not granted, and (d) why a less
restrictive alternative to the relief sought is not available."
L. Civ. R. 5.3(c)(2).  The party moving to seal must submit a
proposed order that contains proposed findings of fact and
conclusions of law.  <u>Id.</u>

## III. <u>DISCUSSION</u>

The Court has reviewed the documents that are the subject
of MPI's motion to seal and concludes that sealing is warranted
at this time.  As an initial matter, the Court notes that while
litigants have an interest in privacy, the public also has a
right to obtain information about judicial proceedings.  <u>Pansy
v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3d Cir. 1995).  In
order to rebut the presumption of public access, the party
seeking confidentiality must demonstrate "good cause" by

4

establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987)).

Here, MPI seeks to seal only two sentences in its brief and one paragraph in the Tighe Declaration.[2]  These documents contain information concerning financial data, including sales and revenue, of MPI and its parent company.  In support of the motion to seal, MPI has submitted a Declaration from Andrea Tiglio, Ph.D., Esq., Global Patent Litigation Counsel for Mylan, Inc.  According to the declaration, the information relating to MPI's and Mylan Inc.'s sales and revenue is confidential and proprietary, and MPI and Mylan Inc. would suffer serious commercial injury if such information became available to the public.  The declaration further recounts the highly competitive nature of the pharmaceutical industry, and it is represented that MPI and Mylan Inc.'s competitive position in the

---

[2] In particular, MPI seeks to seal the first and second sentences of the first full paragraph on page 7 of its brief, as well as paragraph 5 of the Tighe Declaration.

marketplace would be adversely affected and seriously damaged by
disclosure of their financial data.

The Court finds that the factors set forth in L. Civ. R.
5.3(c) are satisfied.  The information to be sealed is non-
public business information, disclosure of which will pose a
risk of harm to MPI's competitive position in the marketplace.
In particular, if such information becomes public, competitors
could develop strategies that undercut MPI's or Mylan Inc.'s
business.  Furthermore, less restrictive alternatives are not
available, as MPI seeks to seal only two sentences in its brief
and one paragraph in the Tighe Declaration that discuss MPI and
Mylan Inc.'s confidential financial data.  All other portions of
the brief and declaration will be publicly available.[3]  In
balancing the potential injury to MPI or Mylan Inc. if their
financial data becomes publicly available versus the public
interest in access to judicial proceedings, the Court finds good
cause for granting MPI's motion to seal, particularly where
MPI's submissions, with only limited redactions, will be
publicly available.

---

[3] Although not expressly stated by MPI, the Court assumes that in
seeking to seal limited portions of the brief and Tighe
Declaration, MPI intends to file these documents on the public
docket with only the relevant information redacted.

**IV.   <u>CONCLUSION</u>**

     For the reasons set forth above, the Court finds that sealing under Local Civil Rule 5.3(c) is appropriate with respect to the limited portions of MPI's brief and the Tighe Declaration identified herein.

     An Order consistent with this Opinion will be entered.


                                       s/ Noel L. Hillman     
NOEL L. HILLMAN, U.S.D.J.

Dated: April 22, 2015

At Camden, New Jersey