UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

BOEHRINGER INGELHEIM PHARMA
GMBH & CO. KG, et al.,

                Plaintiffs,          Civil No. 14-4727 (NLH/KMW)

v.

MYLAN PHARMACEUTICALS, INC.,    **OPINION**
et al.,

                Defendants.
_____

**APPEARANCES:**

Charles Michael Lizza, Esquire
Sarah Ann Sullivan, Esquire
William C. Baton, Esquire
Saul Ewing, LLP
One Riverfront Plaza
Newark, New Jersey 07102-5490

Eric W. Dittmann, Esquire
Paul Hastings LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, New York 10022

Jason Todd Christiansen, Esquire
Paul Hastings Janofsky & Walker LLP
1000 Louisiana Street
54th Street
Houston, Texas 77002

     *Attorneys for Plaintiffs*

Arnold B. Calmann, Esquire
Jeffrey S. Soos, Esquire
Katherine Ann Escanlar, Esquire
Saiber LLC
One Gateway Center
10th Floor
Newark, New Jersey 07102-5311

George John Barry, III, Esquire
McGuire Woods LLP
1170 Peachtree Street NE
Suite 2100
Atlanta, Georgia 30309

Michael Lloyd Binns, Esquire
McGuire Woods LLP
1230 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30309

    *Attorneys for Defendants*

**HILLMAN, District Judge:**

    Presently before the Court are three motions, filed
pursuant to Local Civil Rule 5.3, seeking to seal documents
submitted in connection with a pending motion to dismiss.  In
particular, Defendants Mylan Pharmaceuticals Inc., Mylan
Laboratories Limited, and Mylan Laboratories, Inc. (hereafter,
"Mylan") seek to seal certain portions of a brief and
declaration submitted in connection with Mylan's motion to
dismiss the amended complaint, as well as certain portions of
their reply brief.  In addition, Plaintiffs Boehringer Ingelheim
Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH,
and Boehringer Ingelheim Pharmaceuticals, Inc. (hereafter,

2

"Boehringer") seek to seal portions of their brief filed in opposition to Mylan's motion to dismiss and certain exhibits to a declaration that was also submitted with Plaintiffs' opposition. The Court has considered the parties' submissions, no opposition having been filed,[1] and has decided this matter pursuant to Fed. R. Civ. P. 78. For the reasons that follow, the motions to seal will be granted.

I.    **BACKGROUND**

This civil action concerns a United States Patent and arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Mylan has moved to dismiss the amended complaint for lack of personal jurisdiction and, in part, for failure to state a claim.

In support of the motion to dismiss, Mylan submitted a brief, the Declaration of Robert Tighe (hereafter, "Tighe Declaration"), and a reply brief. The brief, reply brief, and Tighe Declaration contain purportedly highly proprietary financial data regarding sales and revenue information of Mylan Pharmaceuticals, Inc. (hereafter, "MPI") and its parent company,

---

[1] In fact, Mylan has filed a brief and declaration in support of Boehringer's motion to seal.

3

Mylan Inc.  Accordingly, Mylan seeks to have those portions of the brief, reply brief and Tighe Declaration that contain such information sealed.

In opposition to the motion to dismiss, Boehringer has submitted a brief and the Declaration of Leonard A. Monfredo (hereafter, "Monfredo Declaration").  According to Boehringer, these materials contain trade secrets and other confidential research, development, commercial and technical information that was designated as "HIGHLY CONFIDENTIAL -- OUTSIDE ATTORNEY EYES ONLY" by Mylan pursuant to Local Patent Rule 2.2.  As noted above, Mylan has filed a brief in support of Boehringer's motion, asserting that the materials to be sealed contain highly proprietary business information regarding the development, formulation, manufacture and sales of Mylan Pharmaceuticals' Abbreviated New Drug Application (hereafter, "ANDA") products.

## II.  <u>STANDARD FOR SEALING UNDER L. CIV. R. 5.3(c)</u>

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to materials filed with the Court and judicial proceedings themselves.  The rule provides that in order to place a docket entry under seal, the motion to seal must be publicly filed and "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief

sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2).  The party moving to seal must submit a proposed order that contains proposed findings of fact and conclusions of law.  Id.

## III. DISCUSSION

The Court has reviewed the documents that are the subject of the motions to seal and concludes that sealing is warranted at this time.  As an initial matter, the Court notes that while litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1995).  In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'"  Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).  "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing."  Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987)).

Here, Mylan seeks to seal only one sentence in its opening brief, one paragraph in the Tighe Declaration, and five sentences in its reply brief.[2]  These documents contain information concerning financial data, including sales and revenue, of MPI and its parent company.  In support of the motions to seal, Mylan has submitted Declarations from Jaime Lebo, Esquire, litigation counsel for Mylan Inc.  According to the Declarations, the information relating to MPI's and Mylan Inc.'s sales and revenue is confidential and proprietary, and MPI and Mylan Inc. would suffer serious commercial injury if such information became available to the public.  The Declarations further recount the highly competitive nature of the pharmaceutical industry, and it is represented that MPI and Mylan Inc.'s competitive position in the marketplace would be adversely affected and seriously damaged by disclosure of their financial data.

Boehringer seeks to seal various portions of its opposition brief and exhibits to the Monfredo Declaration because such documents were designated as highly confidential by Mylan.[3]

_____

[2] In particular, Mylan seeks to seal the following: in its opening brief, the second sentence in the second paragraph on page 7, in its reply brief, the second sentence in footnote 11, the first and second sentences in footnote 15, and two sentences on page 14; and paragraph 9 of the Tighe Declaration.

[3] Boehringer seeks to seal Exhibits D, E, J and K to the Monfredo Declaration.  In addition, Boehringer seeks to seal scattered

Mylan, in turn, represents that these documents were designated highly confidential because they contain or reflect information contained in or derived from MPI's ANDAs, as well as highly proprietary business information regarding the development, formulation, manufacture and sales of MPI's ANDA products.  It is represented that this information is presently confidential and unavailable to the public, and that Mylan's competitive position in the marketplace could be seriously impaired if its competitors gain access to its sensitive proprietary technical and business information and strategies.

The Court finds that the factors set forth in L. Civ. R. 5.3(c) are satisfied.  The information to be sealed is non-public business information, disclosure of which will pose a risk of harm to Mylan's competitive position in the marketplace.  Furthermore, less restrictive alternatives are not available, as Mylan and Boehringer seek to seal scattered portions of their briefs, one paragraph in the Tighe Declaration, and four exhibits to the Monfredo Declaration.  All other portions of the briefs and Declarations will be publicly available.[4]  In

---

portions of the opposition brief, which are delineated in great detail in Boehringer's proposed form of order [Doc. No. 51-2]. The Court incorporates these sections by reference.

[4] Although not expressly stated by the parties, the Court assumes that in seeking to seal limited portions of the briefs, the Tighe Declaration, and the exhibits to the Monfredo Declaration, the parties intend to file these documents on the public docket

balancing the potential injury to Mylan if its financial data and information concerning its ANDA become publicly available versus the public interest in access to judicial proceedings, the Court finds good cause for granting Mylan's and Boehringer's motions to seal, particularly where the submissions, with only limited redactions, will be publicly available.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that sealing under Local Civil Rule 5.3(c) is appropriate with respect to the limited portions of Mylan's opening brief, reply brief, and the Tighe Declaration identified herein.  The Court similarly finds that sealing of the limited portions of Boehringer's opposition brief and exhibits to the Monfredo Declaration is also warranted.

An Order consistent with this Opinion will be entered.


                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

Dated: August 7, 2015

At Camden, New Jersey

---

with only those portions that are delineated in the present motions redacted.